## TAYLOR v. DE HART et al.

District Court, W. D. Missouri, W. D.
December 9, 1926.

No. 5702.

1. Courts ⟨⟩39—Court must make inquiry with respect to jurisdiction.

It is duty of court to make due inquiry with respect to its own jurisdiction.

2. Courts ⟨⟩282(1), 284—Action for damages for unlawful search held not "controversy arising under federal Constitution or laws" justifying federal jurisdiction (National Prohibition Act [27 USCA]; Const. Amend. 4; Judicial Code, § 24 [28 USCA § 41]).

Action for damages for unlawful search under color of office as prohibition agents in violation of Const. Amend. 4 and National Prohibition Act (27 USCA), held not to involve a controversy arising under Constitution or laws of United States, so as to give jurisdiction to federal court under Judicial Code, § 24 (28 USCA § 41 [Comp. St. § 991]).

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Controversy Arising Under Federal Constitution.]

3. Courts ⟨⟩489(1)—Federal court does not have exclusive jurisdiction of controversy arising under Constitution (Judicial Code, § 24 [28 USCA § 41]).

Federal court does not, under Judicial Code, § 24 (28 USCA § 41 [Comp. St. § 991]), have

exclusive jurisdiction of controversy simply because it arises under Constitution.

**4. Courts ⊂⇒255—Federal district court has only such jurisdiction as is expressly granted.**

Federal district court has no jurisdiction except such as may be expressly granted.

At Law. Action by Harold E. Taylor against L. E. De Hart and others. On demurrer to petition. Demurrer sustained.

Watson, Gage & Ess, of Kansas City, Mo., for plaintiff.

Roscoe C. Patterson, U. S. Atty., and William L. Vandeventer, Asst. U. S. Atty., both of Kansas City, Mo., for defendants.

REEVES, District Judge. The defendants have demurred to the petition of the plaintiff upon the principal ground that this court is without jurisdiction of the controversy.

It is charged by the plaintiff that the defendants, under color of their several offices as prohibition agents, conspired to search, and actually did search, his residence without a lawful search warrant, and therefore in violation of the Fourth Amendment to the Constitution of the United States, and also in violation of the federal Prohibition Act (27 USCA).

It is contended by the defendants that all the parties are residents of the state of Missouri and that, in consequence, this court is without jurisdiction.

The plaintiff insists that this court has original jurisdiction in virtue of section 24 of the Judicial Code, being section 991 of the United States Compiled Statutes 1918 (28 USCA § 41). By said section, the Congress has granted original jurisdiction to the district courts in part as follows: "Where the matter in controversy * * * arises under the Constitution or laws of the United States."

It is argued by the plaintiff that the controversy here arises under the Constitution and laws of the United States; namely, the Fourth Amendment and the federal Prohibition Act.

[1] 1. It is the duty of the court to make due inquiry with respect to its own jurisdiction. In the case of Smith v. Kansas City Title & Trust Co., 255 U. S. 180, loc. cit. 199, 41 S. Ct. 243, 244 (65 L. Ed. 577) the court noted the fact that no objection had been made to the federal jurisdiction, "but [the court said] that question will be first examined."

2. In that case the court, in construing the provisions of the statute above quoted, laid down the broad general rule "that where it appears from the * * * statement of the plaintiff that the right to relief depends upon the *construction* or *application* of the Constitution or laws of the United States, and that such federal claim is not merely *colorable* and rests upon a *reasonable foundation,* the district court has jurisdiction under this provision."

3. In elucidation of the rule above stated, the court quoted from Cohens v. Virginia, 6 Wheat. 264, loc. cit. 379 (5 L. Ed. 257), where Chief Justice Marshall said: "A case in law or equity consists of the right of the one party, as well as of the other, and may truly be said to arise under the Constitution or a law of the United States, whenever its *correct decision depends on the construction of either.*" And again in Osborn v. United States Bank, 9 Wheat. 738, loc. cit. 822 (6 L. Ed. 204), when "the title or right set up by the party *may be defeated by one construction of the Constitution or law of the United States, and sustained by the opposite construction.*"

4. It will be noted from the petition challenged in the instant case that the right to recover does not depend upon the *construction* of the Fourth Amendment or upon the question of its *application,* and the same is true with respect to the federal Prohibition Law. The *application* and the *construction* of the Fourth Amendment and the federal Prohibition Act are not in controversy.

[2] 5. Plaintiff asserts, in substance, that the rights vouchsafed to him under the Fourth Amendment and the federal Prohibition Act have been violated as the result of a conspiracy entered into among the defendants. He therefore claims damages for the violation of a well-known, well-defined, and acknowledged constitutional and statutory right.

[3] 6. It is not the law that a mere right, because it arises under the Constitution, can only be asserted in the federal court, or that the federal court has original jurisdiction of such controversies. None of the cases cited by the plaintiff contravenes this proposition.

For instance, the case of Howard v. United States, 184 U. S. 676, 22 S. Ct. 543, 46 L. Ed. 754, was a suit upon the bond of a clerk of the United States court. The bond sued on was executed in conformity to federal statutes. The court said: "And the case depends upon the *scope and effect* of that bond and the *meaning* of those statutes." Such is not the case at bar.

The scope and effect of the Fourth Amendment and the federal Prohibition Act

are not brought in question. Plaintiff asserts the violation of a well-known right vouchsafed to him unequivocally under said constitutional provision and statutes.

7. Neither does the case of Steele v. Halligan (D. C.) 229 F. 1011, aid the plaintiff, as that suit was against the warden of a federal penitentiary. It was upon a charge of negligence in the performance of a duty imposed upon the warden by law and the judgment of the court committing the plaintiff to his care. Necessarily such an action arose under the laws of the United States, and the right to recover depended upon the *construction,* the *scope,* and the *effect* of said laws.

In Little York Gold-Washing & Water Co. v. Keyes, 96 U. S. loc. cit. 203 (24 L. Ed. 656), cited by the plaintiff, the court announced the law when it said: "The suit must, in part at least, arise out of a *controversy* between the parties in regard to the *operation* and *effect* of the Constitution or laws upon the facts involved."

There is no such controversy here. The operation and effect of the constitutional provision relied upon, as well as the federal Prohibition Act, are well known and undisputed. The same accurate statement of the law may be found in Shoshone Mining Co. v. Rutter, 177 U. S. loc. cit. 507, 20 S. Ct. 726, 44 L. Ed. 864.

8. The Congress, by section 24 of the Judicial Code, did confer upon the district courts original jurisdiction in a number of matters where rights might arise under the Constitution or federal laws. Jurisdiction is given on all questions arising under the revenue law, or under the postal law, or under the patent, copyright, or trade-mark laws, or rights arising out of the interstate commerce laws. Paragraph 12 of said section 24 provides for the assertion of certain other rights arising under the laws or the Constitution of the United States in the federal court. In the case of Wayne v. Venable, 260 F. 64, loc. cit. 69, the court had before it a case where a conspiracy had been formed to prevent the plaintiffs from voting for certain federal officers at a general election. The object of the conspiracy having been attained, suit was brought for damages, judgment recovered and sustained. Jurisdiction was in the federal court because expressly conferred.

[4] 9. By including certain enumerated rights which might be asserted in the federal court, the Congress excluded all others not named. The federal district court, as is well known, has no jurisdiction except such as

may be expressly granted. The case at bar is not within the jurisdiction of this court, and the demurrer will accordingly be sustained.